Stanley Goff (Bar No. 289564)
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiffs Fabian Johnson,
Mathew Rabbitt, Travis Rosette

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN JOHNSON, MATHEW RABBITT, TRAVIS ROSETTE<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO SHERIFF VICKI HENNESSY; UNDER SHERIFF MATHEW FREEMAN; CHIEF DEPUTY SHERIFF PAUL MIYAMOTO; CAPTAIN JACKSON; SERGEANT DOLLY and DOES 1-25;<br><br>Defendants. | CASE NO.:<br>**COMPLAINT FOR DAMAGES:**<br><br>1. Violation of Fourteenth Amendment 42 U.S.C §1983 (Due Process and *Monell*);<br><br>2. Negligence<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiffs, demanding a jury trial, bring this civil rights action against all named Defendants inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and therefore allege as follows:

## I. PARTIES

1. Plaintiff Fabian Johnson, is an individual who is currently an inmate housed in the San Francisco County Jail in San Francisco Ca. At all times relevant to this complaint, this Plaintiff has lived in San Francisco, which is located within the Northern District of California.

2. Plaintiff Mathew Rabbitt, is an individual who is currently an inmate housed in the San Francisco County Jail in San Francisco Ca. At all times relevant to this complaint, this Plaintiff has lived in San Francisco, which is located within the Northern District of California.

3. Plaintiff Travis Rosette, is an individual who is currently an inmate housed in the San Francisco County Jail in San Francisco Ca. At all times relevant to this complaint, this Plaintiff has lived in San Francisco, which is located within the Northern District of California.

4. Defendant City and County of San Francisco is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California. San Francisco is a municipality located within the Northern District of California.

5. Defendant San Francisco Vicki Hennessy is an individual and was the Sheriff of the City and County of San Francisco at all times relevant to this complaint. This Defendant is being sued in her individual capacity.

6. Defendant San Francisco Under Sheriff Mathew Freeman is an individual and was employed by the Sheriffs office of the City and County of San Francisco at all times relevant to this complaint. This Defendant is being sued in his individual capacity.

7. Defendant Chief Deputy Sheriff of Custody Operations Paul Miyamoto is an individual and was employed by the Sheriffs Office of the City and County of San Francisco at all times relevant to this complaint. This Defendant is being sued in his individual capacity.

8. Defendant San Francisco Sheriff Captain Jackson is an individual and was employed by the Sheriffs Office of the City and County of San Francisco at all times relevant to this complaint. This Defendant is being sued in his individual capacity.

9. Defendant San Francisco Sheriff Sergeant Dolly is an individual and was employed by the Sheriffs office of the City and County of San Francisco at all times relevant to this complaint. This Defendant is being sued in his individual capacity.

10. Defendant Does 1-25 are defendants whose capacities are unknown to Plaintiffs, but upon ascertaining these individuals identities, the Plaintiffs will seek leave to amend to name these individuals as defendants in this case.

11. All defendants acted under the color of law as it pertains to this complaint.

## II. JURISDICTION AND VENUE

12. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Eighth Amendment and Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the County of San Francisco, which is located in the Northern District.

## III. STATEMENT OF FACTS

14. On January 3, 2017, there was a plumbing malfunction at 850 Bryant Street, (Hall of Justice) in San Francisco.

15. The faulty plumbing caused raw sewage and other hazardous toxins to flood the floor in the Hall of Justice that contains the San Francisco District Attorney's Office.

16. The City's immediate response to this flooding was to evacuate the District Attorney offices until the flooding was stopped and a Hazmat crew properly cleaned and properly disinfected the area.

17. Subsequently, plumbers contracted by San Francisco placed a "trap" device into the pipes at the Hall of Justice, which prevented the District Attorney's office from being subjected to that type of flooding again.

18. However, this "trap" device caused the sewage pipes to "back up" and flood the jail area inside the building (County Jail # 4 or CJ 4).

19. From that time period in the beginning January of 2017 to the present, raw sewage floods have occurred almost every day and at times occur three times a day affecting inmates housed in the A- Block portion of CJ4.

20. All three of the Plaintiffs are housed in A-Block of CJ4.

21. These floods have occurred in the middle of the day and at times in the middle of the night when the Plaintiffs are trying to get their rest.

22. When the raw sewage floods occur, on average, there is between a half-inch and an inch and a half of raw sewage through the entire 8' by 20' living space in the Plaintiffs' A-Block cell.

23. That the plumbing in Plaintiffs' A-Block cell was such that when a toilet in the cell was flushed, sewage would back-flow into the toilet and would overflow on the floor of the cell with raw sewage.

24. When the raw sewage floods occur, the Plaintiffs are able to observe visible pieces of fecal matter and used toilet tissue in the water.

25. When the floods occur, Deputies turn all running water off on the entire floor for several hours at a time. During these periods of no running water, the Plaintiffs are forced to hold their urine and bowels, causing extreme pain and discomfort for hours at a time.

26. The beds in the Plaintiffs' A-Block cell do not have a storage shelf, so the Plaintiffs are forced to place their personal belongings such as books, hygiene products, commissary food items and court documents on the floor under their bed areas.

27. When the raw sewage flooding occurs, these personal items belonging to the Plaintiffs are almost always severely damaged (contaminated) and or destroyed.

28. When the raw sewage flooding occurs, the Plaintiffs are forced to use their own personal bedding materials (jail issued blankets) to soak up the sewage, and are not given any protective gear such as Hazmat suits or masks to clean up the sewage or provided with proper disinfectant agents to adequately sanitize the contaminated areas.

29. As a result, the Plaintiffs' A-Block cell consistently smells of human feces, urine and other sewage materials.

30. Pursuant to jail policy, the Plaintiffs are forced to eat all of their meals in their A-Block cell so they are forced to endure these hazardous fumes and nauseating smells while eating.

31. That due to the direct exposure to the raw sewage emanating from these constant floods, the Plaintiffs have developed intestinal problems, are having difficulty breathing and have been suffering from constant headaches.

32. For more than a year, both Plaintiffs Johnson and Rabbitt (and the last three months Plaintiff Rosette) have been exposed to these horrendous conditions.

33. The Plaintiffs have notified Defendants and/or other Sheriff Deputies in writing of the unsanitary and dangerous conditions caused by the raw sewage flooding, and have submitted numerous grievance forms giving the Defendants notice of these hazardous and or dangerous conditions.

33. Despite Plaintiffs' written and verbal notices to Defendants, the horrendous and dangerous conditions in the Plaintiffs' A-Block housing area have never been properly addressed by the Defendants and continue to this day.

34. The Plaintiffs filed a timely government claim against Defendants pursuant to California Government Code §910, et seq. The Plaintiffs' claims were subsequently rejected by San Francisco on July 17, 2018.

## IV. CAUSES OF ACTION

### FIRST CLAIM

**(Violation of Fourteenth Amendment Rights 42 U.S.C §1983 (Due Process – As to All Defendants)**

35. Plaintiff Mathew Rabbitt, who is a pre-trial detainee and housed in A-Block in the San Francisco County Jail CJ4, incorporates herein by reference the preceding paragraphs of this complaint as fully set forth herein.

36. The conditions described above directly exposed Plaintiff Mathew Rabbitt to contact with human waste including feces, urine, and sewage on each and every day between January 2017 and the present with the exception of a four month period in which he was housed at another San Francisco jail facility.

37. Plaintiff Fabian Johnson who is a county jail pre-trial detainee and housed in A-Block in the San Francisco County Jail CJ4, incorporates herein by reference the preceding paragraphs of this complaint as fully set forth herein.

38. The conditions described above directly exposed Plaintiff Fabian Johnson to contact with human waste including feces, urine, and sewage on each and every day between March 2017 and the present with the exception of a four month period in which he was housed at another San Francisco jail facility.

39. Plaintiff Travis Rosette who is a county jail pre-trial detainee and housed in A-Block in the San Francisco County Jail CJ4, incorporates herein by reference the preceding paragraphs of this complaint as fully set forth herein.

40. The conditions described above directly exposed Plaintiff Travis Rosette to contact with human waste including feces, urine, and sewage on each and every day between May 2018 and the present.

41. The conditions described above otherwise consistently exposed Plaintiffs Fabian Johnson and Mathew Rabbitt to the smell of feces, urine, and sewage and direct contact with such bio-hazardous materials in excess of a year to the present and still counting, in which they have both suffered severe emotional distress, intestinal problems, difficulty breathing and constant headaches.

42. The conditions described above otherwise consistently exposed Plaintiff Travis Rosette to the smell of feces, urine, and sewage and direct contact with such bio-hazardous materials in excess of three months to the present and still counting in which he has suffered severe emotional distress, intestinal problems, difficulty breathing and constant headaches.

43. That the direct exposure to feces, urine, and sewage poses a serious health risk to the Plaintiffs.

44. That the conditions described above has directly exposed and continues to expose the Plaintiffs to the hardship and extra judicial punishment of not being able to go to the bathroom for up to several hours a day three to four times a week, while the water is turned off by the Defendants due to inadequate remedies of dealing with the flooding, which has led to the Plaintiffs suffering from severe stomach cramps because they cannot relieve themselves, which has caused unbearable pain and emotional distress.

45. That all of these conditions mentioned above violate Plaintiffs' constitutional right to be free from extra judicial punishment including but not limited to Plaintiffs' right to adequate and habitable shelter, sanitation, and basic human dignity.

46. The Defendants have exhibited deliberate indifference to the Plaintiffs' constitutional rights in that Defendants knew of the horrendous conditions that are effecting the Plaintiffs', knew of the health risks that the conditions have created, and yet they have failed to take any corrective action to remedy these conditions from the time that these conditions started to the present and still counting.

47. The acts and omissions of all named Defendants, with respect to Plaintiffs, constitute a violation of the Fourteenth Amendment to the Constitution of the United States. (Due Process)

48. Plaintiffs suffered damages, including physical and emotional injury, as a result of Defendants' acts and omissions.

### *Monell Claim*

49. Defendant City and County of San Francisco and Does 1-25 have deprived Plaintiffs of their rights, privileges, and immunities secured by the United States Constitution by, among other things, failing to train, or inadequately training its staff and deputies regarding the handling of inmates in their custody, so as not to cause these individuals' to be exposed to hazardous waste, such as raw sewage and being prevented from being able to go to the bathroom for several hours at a time three to four days a week.

50. Furthermore, the City and County of San Francisco has a widespread or longstanding custom and practice of not providing adequate housing conditions for their inmate population housed in their county jails, together with its lack of adequate training, amounts to deliberate indifference towards the constitutional rights of the Plaintiffs.

51. As a direct result of the City and County of San Francisco, and Does 1-25's actions and inactions, Plaintiffs' constitutional rights were violated, resulting in Plaintiffs' injuries.

52. The conduct of the named Defendants as alleged, was intended to cause injury to Plaintiffs and was done in conscious disregard of Plaintiffs' rights and safety and thus constitutes malice.

53. Because the above acts were performed in a malicious, and/or oppressive manner, plaintiff is entitled to recover punitive damages from named Defendants Officers in an amount according to proof.

## THIRD CLAIM

### (Negligence Claim – As to all Defendants and Does 1-25)

54. By virtue of the foregoing, Defendants owed Plaintiffs a duty of due care not to cause the Plaintiffs to be exposed to raw sewage and other hazardous materials, and not to prevent the Plaintiffs from being able to go to the bathroom for several hours at a time three to four days a week, and that these duties were breached by the Defendants' negligence and failure to exercise due care in their handling of the Plaintiffs, while in their custody.

55. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiffs were injured as set forth above and are entitled to compensatory damages according to proof at the time of trial.

56. Defendants are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

57. Defendants as public employees are not exonerated or immune from liability for negligence for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

58. Because the Defendants were acting as employees of the City and County of San Francisco at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of the City and County of San Francisco, San Francisco is liable to the Plaintiff for negligence pursuant to California Government Code §815.2.

## V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against all individual Defendants according to proof;
4. The prejudgment interest at the legal rate according to proof;
5. For costs and reasonable attorneys' fees as provided by law; and
6. For such other relief as the Court may deem fit and proper.

LAW OFFICE OF STANLEY GOFF

Dated: August 12, 2018         /s/ STANLEY GOFF
STANLEY GOFF
Attorney for Plaintiffs